FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2014 MAY 19 P 4: 27

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| VIZIO, INC., ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | CASE NO. 2:14cv233 (HCM) |
| ) | |
| STRAIGHT PATH IP GROUP, INC. ) | DEMAND FOR JURY TRIAL |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

1. Plaintiff VIZIO, Inc. ("VIZIO"), by and through its undersigned attorneys, hereby files this complaint against Defendant Straight Path IP Group, Inc. ("Straight Path") under the Declaratory Judgment Act and the Patent Laws of the United States for declaratory judgment of non-infringement of U.S. Patent Nos. 6,009,469 (attached as Exhibit A), 6,108,704 (attached as Exhibit B) and 6,131,121 (attached as Exhibit C) (collectively, the "Patents-in-suit").

## BACKGROUND

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202. Straight Path originally sued VIZIO in this district on August 1, 2013 alleging that VIZIO infringed the Patents-in-suit. *See Straight Path IP Group, Inc. v. VIZIO, Inc. et al.*, No. 1:13-cv-934 (E.D. Va., Aug. 1, 2013) (the "District Court Action"). Concurrent with filing of the District Court Action, Straight Path also filed a complaint with the United States International Trade Commission ("USITC") seeking a limited

1

exclusion order pursuant to 19 U.S.C. § 1337(d) due to alleged infringement by VIZIO of the Patents-in-suit. Shortly thereafter, the USITC instituted an investigation based on Straight Path's allegations against VIZIO and six other respondents. 78 Fed. Reg. 55096-98 (September 9, 2013) (instituting *Certain Point-to-Point Network Communication Devices and Products Containing Same*, Inv. No. 337-TA-892 (the "Investigation")). Straight Path's allegations of infringement in the Investigation were centered on use of the Netflix, YouTube and Google Talk applications on the respondents' accused products. On November 19, 2013, the District Court Action was stayed pending conclusion of the Investigation. *See Straight Path IP Group, Inc. v. VIZIO, Inc. et al.*, No. 1:13-cv-934 (Dkt. Entry 45) (attached hereto as Exhibit D).

3. The Investigation proceeded apace with the parties engaging in voluminous fact and expert discovery over the next few months. During this time, Straight Path reached settlement agreements with several respondents as well as Google, thus removing the YouTube and Google Talk applications from the scope of the Investigation. By the end of April 2014, Straight Path and the remaining respondents[1] had submitted witness statements and their pre-hearing statements and briefs and were readying for the May 13, 2014 hearing on the sole remaining technology at issue – the Netflix technology. However, on May 5, 2014, eight days before hearing was set to commence in the Investigation, Straight Path moved to withdraw its complaint and terminate the Investigation. *See* Exhibit E. On the same day Straight Path moved to terminate the Investigation, Straight Path filed suit against Netflix, Inc. in the U.S. District Court for the Eastern District of Texas. *See Straight Path IP Group, Inc. v. Netflix, Inc.*, No. 14 Civ. 405 (E.D. Tex., May 5, 2014). On May 12, 2014, Administrative Law Judge Shaw issued an Initial Determination terminating the Investigation. *See Certain Point-to-Point*

---

[1] The remaining respondents on the eve of hearing were the Toshiba respondents (Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc.), the LG respondents (LG Electronics, Inc., LG Electronics U.S.A., Inc., LG Electronics MobileComm USA, Inc.) and VIZIO, Inc.

*Network Communication Devices and Products Containing Same*, Inv. No. 337-TA-892, Order No. 37 (May 12, 2014) (attached hereto as Exhibit F).

## THE PARTIES

4. Plaintiff VIZIO, Inc. is a California corporation with a principal place of business located at 39 Tesla, Irvine, California 92618.

5. Defendant Straight Path IP Group, Inc. is a Delaware corporation with a principal place of business located at 5300 Hickory Park Dr., Suite 218, Glen Allen, VA 23059. Straight Path purports to own the Patents-in-suit.

## JURISDICTION AND VENUE

6. Straight Path is subject to specific personal jurisdiction in this Court by virtue of having transacted business in this state by, amongst other activities, having a principal place of business in this district and having previously initiated patent infringement litigation against VIZIO in this district.

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## COUNT I – U.S. PATENT NO. 6,009,469

9. An actual and continuing controversy exists between VIZIO and Straight Path regarding VIZIO's alleged infringement of U.S. Patent No. 6,009,469 (the "'469 Patent") for at least the reason that Straight Path has filed a lawsuit alleging that VIZIO products, including its television and set-top box devices, infringe the '469 Patent.

10. VIZIO has not infringed, either directly, indirectly, literally or under the doctrine of equivalents and/or has not committed any acts which would give rise to liability for infringement of any properly construed claims of the '469 Patent.

3

11. VIZIO is therefore entitled to a judicial declaration that it has not infringed any properly construed claims of the '469 Patent.

## COUNT II – U.S. PATENT NO. 6,108,704

12. An actual and continuing controversy exists between VIZIO and Straight Path regarding VIZIO's alleged infringement of U.S. Patent No. 6,108,704 (the "'704 Patent") for at least the reason that Straight Path has filed a lawsuit alleging that VIZIO products, including its television and set-top box devices, infringe the '704 Patent.

13. VIZIO has not infringed, either directly, indirectly, literally or under the doctrine of equivalents and/or has not committed any acts which would give rise to liability for infringement of any properly construed claims of the '704 Patent.

14. VIZIO is therefore entitled to a judicial declaration that it has not infringed any properly construed claims of the '704 Patent.

## COUNT III – U.S. PATENT NO. 6,131,121

15. An actual and continuing controversy exists between VIZIO and Straight Path regarding VIZIO's alleged infringement of U.S. Patent No. 6,131,121 (the "'121 Patent") for at least the reason that Straight Path has filed a lawsuit alleging that VIZIO products, including its television and set-top box devices, infringe the '121 Patent.

16. VIZIO has not infringed, either directly, indirectly, literally or under the doctrine of equivalents and/or has not committed any acts which would give rise to liability for infringement of any properly construed claims of the '121 Patent.

17. VIZIO is therefore entitled to a judicial declaration that it has not infringed any properly construed claims of the '121 Patent.

## PRAYER FOR RELIEF

WHEREFORE, VIZIO prays that this Court enter declaratory judgment:

A. Declaring that VIZIO has not infringed, either directly, indirectly, literally or under the doctrine of equivalents and has not committed any acts which would give rise to liability for infringement of any properly construed claims of the '469 Patent and/or that VIZIO is not liable to Straight Path for any damages for the alleged infringement of the '469 Patent.

B. Declaring that VIZIO has not infringed, either directly, indirectly, literally or under the doctrine of equivalents and has not committed any acts which would give rise to liability for infringement of any properly construed claims of the '704 Patent and/or that VIZIO is not liable to Straight Path for any damages for the alleged infringement of the '704 Patent.

C. Declaring that VIZIO has not infringed, either directly, indirectly, literally or under the doctrine of equivalents and has not committed any acts which would give rise to liability for infringement of any properly construed claims of the '121 Patent and/or that VIZIO is not liable to Straight Path for any damages for the alleged infringement of the '121 Patent.

D. Declaring that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding VIZIO the fees and costs of this action, including reasonable attorneys' fees and litigation expenses; and

E. Awarding VIZIO any such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, VIZIO respectfully requests a trial by jury of any and all issues triable of right by jury in this action.

Date: May 19, 2014                                    Respectfully submitted,

　

_____
Brian L. Whisler (VA Bar No. 30435)
Matthew S. Dushek (VA Bar No. 79587)
**Baker & McKenzie LLP**
815 Connecticut Ave., N.W.
Washington, DC 20006
Tel: (202) 452-7019
Fax: (202) 416-7014
Email: brian.whisler@bakermckenzie.com
Email: matt.dushek@bakermckenzie.com

Attorneys for Plaintiff VIZIO, Inc.